# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00045-CV

## In re James Carrillo Garcia

## ORIGINAL PROCEEDING FROM GAINES COUNTY

## M E M O R A N D U M   O P I N I O N

Relator James Carrillo Garcia, an inmate in the Texas Department of Criminal Justice, filed a pro se original petition for writ of habeas corpus. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52.1. Relator complains that he has been unlawfully confined prior to trial.

As an intermediate appellate court, we may issue writs of habeas corpus against a district judge or county judge only sitting in our district, or to enforce our jurisdiction. *See* Tex. Gov't Code § 22.221. We lack jurisdiction to issue the requested writ against the respondent, listed as the 106th District Court of Gaines County, because this Court neither has jurisdiction over the district courts of Gaines County nor is such a writ necessary to enforce this Court's appellate jurisdiction. *See* Tex. Gov't Code § 22.221(a), (b)(1); *see also id*. § 22.201(d) (listing the counties composing the Third Court of Appeal District). The Eleventh Court of Appeals in Eastland has jurisdiction over Gaines County district courts. *See* Tex. Gov't Code §§ 22.201(*l*), 22.212(a).

Furthermore, this Court does not have original habeas-corpus jurisdiction in criminal cases. *See* Tex. Const. art. V, § 6 (providing that courts of appeals "shall have original

or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law"); Tex. Gov't Code § 22.221(d) (limiting original habeas-corpus jurisdiction of courts of appeals to situations where relator's liberty is restrained by virtue of order, process, or commitment issued by court or judge in civil case); *see also* Tex. Code Crim. Proc. art. 11.05 (vesting "power to issue the writ of habeas corpus" in "[t]he Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts"). As an intermediate appellate court, our habeas-corpus jurisdiction in criminal matters is appellate only. *See* Tex. Gov't Code § 22.221(d); *see also In re Wilkins*, No. 03-20-00381-CV, 2020 WL 5608486, at *1 (Tex. App.—Austin Sept. 17, 2020, orig. proceeding).

Accordingly, we dismiss relator's application for writ of habeas corpus for want of jurisdiction. *See* Tex. R. App. P. 52.8(a).

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Triana

Filed: February 16, 2022